IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-cv-03379 |
| | ) | |
| 2003 CADILLAC ESCALADE, | ) | |
| VIN #3GYFK66N53G336523, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court upon Plaintiff's Motion for Default Judgment (d/e 9).  On October 7, 2011, Plaintiff filed its Complaint (d/e 1), seeking affirmative relief against the defendant property, 2003 Cadillac Escalade VIN #3GYFK66N53G336523, which is titled in the name of Jessica Montgomery.  Plaintiff applied to this Court for an entry of default on February 2, 2012 (d/e 7).  The Court entered default against the defendant property, Jessica Montgomery, and all other known and unknown potential claimants on February 2, 2012.  See d/e 8.  This

1

Court now rules on Plaintiff's Motion for Default Judgment (d/e 9).

WHEREAS, Plaintiff has moved this Court for the entry of a final judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, against the defendant property, Jessica Montgomery, and any other known and unknown potential claimants, and for the forfeiture of the defendant;

WHEREAS, Plaintiff has shown that there is probable cause to believe that the defendant constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud), or is property used in violation of 18 U.S.C. § 1957 (engaging in monetary transactions derived from a specified unlawful activity of a value greater than $10,000) and is, therefore, subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1).

WHEREAS, service of process requirements have been met, all potential claimants, known and unknown, have received notice by publication of the pendency of this action, and no one has timely filed a claim and answer to defend the defendant property;

WHEREAS, the potential claimants are not infants or incompetent persons and are not in the military within the purview of the Soldiers and Sailors Civil Relief Act of 1940, as amended;

WHEREAS, on February 2, 2012, the Court granted Plaintiff's Motion for Entry of Default (d/e 7) against the defendant property, Jessica Montgomery, and any other known and unknown potential claimants.  See d/e 8.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  That a judgment of default is hereby entered against the defendant property, Jessica Montgomery, and any other known and unknown potential claimants.

2.  The defendant property is hereby forfeited to Plaintiff and no other right, title, or interest shall exist therein.

3.  This cause is dismissed with prejudice.

IT IS SO ORDERED.

ENTERED:  February 29, 2012

FOR THE COURT:            <u>s/ Sue E. Myerscough</u>
                                          SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE